UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

SIRIUS TECHNOLOGY ADVANCED
RESEARCH, LLC; and STAR
UNACKNOWLEDGED, LLC;

Case No. 1:23-cv-09560-DEH

*Plaintiffs,*
v.

CHICKEN SOUP FOR THE SOUL
ENTERTAINMENT, INC.;
TOFG, LLC/d.b.a. 1091 PICTURES; and DOES
1-10

*Defendants.*

---

### ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Doc. 13)

---

**THIS MATTER,** having come upon the Plaintiffs' SIRIUS TECHNOLOGY ADVANCED RESEARCH, LLC; and STAR UNACKNOWLEDGED, LLC ("Plaintiffs") Motion for Preliminary Injunction (**Doc. 13,** filed November 30, 2023), and pursuant to Fed. R. Civ. P. 65 and required Letter Motion Seeking Preliminary Injunction (**Doc. 12**); and upon consideration of the Motion, and this Court having jurisdiction to consider the Motion and the relief requested therein; and after due deliberation and sufficient cause appearing therefor, it is hereby determined by the Court that Plaintiff has demonstrated the following reasons why a Preliminary Injunction should issue to be the following:

**REASONS FOR ISSUANCE OF PRELIMINARY INJUNCTION**

A) Plaintiffs require that Defendants must affirmatively provide the numerous third-party vendors and platforms involved, such as Amazon Prime, Apple TV, Google Play, etc.; that 1091 Pictures and CSSE, Inc. are no longer the rightful distributors of Movies # 1 – 3.  The third party vendors themselves will not efficiently cooperate with transfer to a new distributor without receiving Notice from Defendants themselves.

B)  Defendants are no longer the rightful of distributors of Movies #1-3 upon Plaintiffs' Notice

of Termination of Contracts delivered November 3, 2023, and as such, an Order on preliminary injunction will accomplish the necessary task of notifying numerous third-party vendors and platforms involved, such as such as Amazon Prime, Apple TV, Google Play, Etc.

C) Plaintiffs can only secure an alternate film distributor if the Defendants are compelled to formally acknowledge, in writing, the Plaintiffs' Notice of Termination and Intent to Seek Alternate Distributor, delivered to Defendants *via* Certified Mail on November 3, 2023. Thus far, the Defendants have disregarded this notice entirely, and instead sought an additional month to respond to the initial Complaint, past their legal deadline of November 24, 2023. Not only have Defendants failed to file an Answer or Responsive pleading by November 24, 2023, but they did not file an Opposed Motion for Extension of time to Answer, as required by the Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(b)(1)(B), permitting an Extension of Time, after expiration of deadline, only upon a showing of **excusable neglect**.

D) Plaintiffs are legally required to mitigate their ongoing damages, pending trial on the merits. Without the Court granting the Plaintiffs' proposed Order, they will continue to lose a conservatively estimated $70,000 per week of AVOD revenues, in addition to lost TVOD revenues accrued before the Plaintiffs' notice to Defendants of termination of the contracts, and intent to seek an alternate distributor.

E) A new distributor, of Plaintiffs' choice, will be unable to receive revenues from the third-party vendors and platforms, themselves, without an **Affirmative Notice** provided by Defendants to these vendors, confirming that the Defendants are no longer the rightful distributors.

F) Plaintiffs are unable to continue effective marketing, promotion, and their important public interest messaging campaign, surrounding any of the three films at issue, until a preliminary injunction issues, and a new distributor begins collecting revenues on Plaintiffs' behalf.

G) Plaintiffs are unable to recoup and pay their outstanding production costs for *The Lost Century*, without receiving back any revenues from Defendants, thus far.

H) Defendants and their numerous unrelated business interests will not be unfairly prejudiced, or unreasonably harmed, by issuing the proposed preliminary injunction, whereas the harm experienced by Plaintiffs is severe, ongoing, and irreparable.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Contracts #1 – 3 [Exhibits A - C to Plaintiffs' Complaint (Doc. 1-1, Doc. 1-2, and 1-3)], are temporarily rescinded, and Defendants and all interested Parties are enjoined from further performance, pending discovery, disposition, and/or trial on the merits, in the instant matter;

3. Defendants must provide **Affirmative Notice of Termination, within 14 days,** of Defendants' former license distribute to any, and all, third-party vendors and platforms, such as Amazon Prime, Apple TV, Google Play, etc.;

4. Defendants are Ordered to cease and desist collecting gross revenues on behalf of Plaintiffs for all three movies created and produced by Plaintiffs: *The Lost Century and How to Reclaim It* (2023), *Close Encounters of the Fifth Kind* (2020)*,* and *Unacknowledged* (2017), pending determination of the instant action, on the merits;

5. This Order confirms to any and all the third-party vendors and platforms themselves, that they should take down and/or pause availability of Movies #1-3, until Plaintiffs have contracted with a new distributor, so that availability can be resumed, with minimum downtime and disruption. *See also* Fed. R. Civ. P. 65: "(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Because of the numerous third-party vendors and platforms involved, this Order is intended allow Plaintiffs to provide unilateral notice to these vendors, informing them they should fully cooperate with Plaintiffs' new distributor, of choice. Should Defendants fail, or refuse, to provide these other persons bound with Affirmative Notice of Termination of Contracts, as Ordered, Plaintiffs shall be permitted to Notice these vendors of recission, independently.

**SO ORDERED.**

_____

**THE HONORABLE DALE E. HO**
**UNITED STATES DISTRICT JUDGE**

**Respectfully prepared and submitted**,

*/s/ Derek Garcia*

Law Office of Derek V. Garcia, LLC
PO Box 254
Edgewood, NM 87015
(505)-333-8030
derekgarcialaw@gmail.com
*Pending Motion for Admission Pro Hac Vice*
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

*/s/ Derek Garcia*

This is to certify that on this 30TH day of November, 2023, the foregoing **Proposed Order on Plaintiffs' Motion for Preliminary Injunction** was filed electronically through the CM/ECF system, with additional copies served by **Email and U.S. Mail** to the following:

Caryn L. Marcus
*Special Counsel*
Graubard Miller
The Chrysler Building
405 Lexington Avenue - 44th Floor
New York, New York 10174-4499
Direct Dial: (212) 818-8695 | Fax: (212) 818-8881
cmarcus@graubard.com

*Attorneys for:*

CHICKEN SOUP FOR THE SOULENTERTAINMENT, INC.
TOFG, LLC/d.b.a. 1091 PICTURES