UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIRIUS TECHNOLOGY ADVANCED RESEARCH, LLC; and STAR UNACKNOWLEDGED, LLC;<br><br>Plaintiffs,<br><br>v.<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.; TOFG LLC/d.b.a. 1091 PICTURES; and DOES 1-10;<br><br>Defendants. | Civil Action No. 23-CV-9560 (DEH) |

## **DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Defendants Chicken Soup for the Soul Entertainment, Inc. ("CSSE") and TOFG, LLC d/b/a 1091 Pictures ("TOFG") (collectively, "Defendants") answer the complaint of plaintiffs Sirius Technology Advanced Research, LLC and Star Unacknowledged, LLC filed on November 1, 2023 ("Complaint") as follows:

### ***INTRODUCTION***

1. Lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 1 of the Complaint.

2. Lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 2 of the Complaint.

3. Admit CSSE is a Delaware corporation with its principal place of business in Connecticut which, *inter alia*, distributes media productions and otherwise deny the allegations in paragraph 3 of the Complaint.

725467.1

4.  Admit TOFG is a Delaware limited liability company with an office in New York which, *inter alia,* provides distribution services to film and series owners, respectfully refer the Court to the contracts annexed as Exhibits A, B, and C to the Complaint for their terms and conditions, and deny otherwise the remainder of the allegations in paragraph 4 of the Complaint.

5.  Lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 5 of the Complaint.

6.  Deny the allegations in paragraph 6 of the Complaint.

7.  Neither admit nor deny the allegations in paragraph 7 of the Complaint which calls for a legal conclusion.

8.  With respect to the allegations in paragraph 8 of the Complaint, respectfully refer the Court to the contract annexed to the Complaint as Exhibit A for its terms and conditions.

9.  Neither admit nor deny the allegations in paragraph 9 of the Complaint which calls for a legal conclusion.

10. Neither admit nor deny the allegations in paragraph 10 of the Complaint which calls for a legal conclusion.

11. Aver the allegation are a characterization of the contents of the Complaint, and respectfully refer the Court to the Complaint for the allegations therein and to the contracts referred to for their terms and conditions, and otherwise deny the allegations in paragraph 11 of the Complaint.

12. Admit that on or about March 1, 2022 CSSE purchased certain assets of 1091 Media, LLC, including, but not limited to, certain assets of its wholly owned subsidiary TOFG LLC, and otherwise deny the allegations in paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Deny the allegations in paragraph 14 of the Complaint.

15. Respectfully refer the Court to the Contract referred to therein for its terms and conditions, and otherwise deny the allegations in paragraph 15 of the Complaint.

16. Admit *The Lost Century* was released in or about June 2023 and otherwise deny the remainder of the allegations in paragraph 16 of the Complaint.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 18 of the Complaint.

19. Lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Respectfully refer the Court to the Contract annexed to the Complaint as Exhibit A for its terms and conditions, and otherwise deny the allegations in paragraph 21 of the Complaint.

22. Admit that Defendants have paid Plaintiffs and provided monthly accounting statements, and otherwise deny the allegations in paragraph 22 of the Complaint.

23. Admit Defendants were aware the film *The Lost Century* was produced in part by monies raised through a crowdfunding campaign and that plaintiff sent a letter to

defendants dated August 18, 2023, and otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint.

27. For their answer to the allegations in paragraph 27 of the Complaint, Defendants repeat their answers to the allegations in paragraphs 1 through 26 of the Complaint as if set forth at length herein.

28. Respectfully refer the Court to the contracts annexed to the Complaint as Exhibits A, B, and C and otherwise deny the allegations in paragraph 28 of the Complaint for their terms and conditions.

29. Respectfully refer the Court to the contracts annexed to the Complaint as Exhibits A, B, and C for their terms and conditions and otherwise deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint.

33. For their answer to the allegations in paragraph 33 of the Complaint, Defendants repeat their answers to the allegations in paragraphs 1 through 32 of the Complaint as if set forth at length herein.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

725467.1

36. Deny the allegations in paragraph 36 of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint.

38. For their answer to the allegations in paragraph 38 of the Complaint, Defendants repeat their answers to the allegations in paragraphs 1 through 37 of the Complaint as if set forth at length herein.

39. Deny the allegations in paragraph 39 of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. For their answer to the allegations in paragraph 43 of the Complaint, Defendants repeat their answers to the allegations in paragraphs 1 through 42 of the Complaint as if set forth at length herein.

44. Deny the allegations in paragraph 44 of the Complaint.

45. Neither admit nor deny the allegations in paragraph 45 of the Complaint which calls for a legal conclusion.

46. Respectfully refer the Court to the contracts annexed to the Complaint as Exhibits B and C for their terms and conditions and otherwise deny the allegations in paragraph 46 of the Complaint.

47. Respectfully refer the Court to the contract referred to therein for its terms and conditions and otherwise deny the allegations in paragraph 47 of the Complaint.

48. Admit that CSSE entered into an asset purchase agreement dated March 1, 2022 and otherwise deny the allegations in paragraph 48 of the Complaint.

49. Respectfully refer the Court of the contracts annexed to the Complaint as Exhibits A, B, and C and referred to in paragraph 49 of the Complaint for their terms and conditions.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny the allegations in paragraph 51 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs failed to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred in whole or in part by their failure to mitigate or minimize their alleged damages.

### THIRD AFFIRMATIVE DEFENSE

3. The equitable doctrine of waiver bars plaintiffs' claims.

### FOURTH AFFIRMATIVE DEFENSE

4. The equitable doctrine of estoppel bars plaintiffs' claims.

### FIFTH AFFIRMATIVE DEFENSE

5. The equitable doctrine of laches bars plaintiffs' claims.

### SIXTH AFFIRMATIVE DEFENSE

6. The equitable doctrine of acquiescence bars plaintiffs' claims.

### SEVENTH AFFIRMATIVE DEFENSE

7. The doctrine of unclean hands bars plaintiffs' claims.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claim for unjust enrichment is barred because there are express written agreements between the parties.

### NINTH AFFIRMATIVE DEFENSE

9, Plaintiffs' claim for conversion is barred because monies allegedly due to plaintiffs are not the proper subject for such a claim.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs materially breached the confidentiality provisions of the parties' agreements thereby forfeiting any right to compensation.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Contract 2 was entered into by Star CE5 LLC ("CE5") and Orchard Enterprises NY, Inc.

12. CE5 is not named as a plaintiff herein and is an inactive limited liability company.

13. No plaintiff herein is a party to Contract 2.

14. Accordingly, plaintiffs' claims with respect to Contract 2 are barred.

### FIRST COUNTERCLAIM

1. Defendant Chicken Soup for the Soul Entertainment, Inc. ("CSSE") is a Delaware corporation with its principal place of business in the State of Connecticut.

2. Defendant TOFG LLC d/b/a 1091 Pictures ("TOFG") is a Delaware limited liability company with its principal place of business in the State of Connecticut.

3. Upon information and belief, Plaintiff Sirius Technology Advanced Research, LLC ("Sirius") is a Delaware limited liability company whose sole member is a Virginia resident and whose principal place of business is in the State of Virginia.

4. Upon information and belief, Plaintiff Star Unacknowledged, LLC ("Star") is a Virginia limited liability company whose sole member is a Virginia resident and whose principal place of business is in the State of Virginia.

5. Upon information and belief, Star CE5, LLC ("CE5") is an inactive Virginia limited liability company which was voluntarily cancelled.

6. Pursuant to an asset purchase agreement entered into as of March 1, 2022 ("APA"), CSSE as Buyer purchased from 1091 Media, LLC as Seller ("Seller"), through its wholly owned subsidiary TOFG, *inter alia,* 100% of the outstanding membership interest of TOFG as well as all of Seller's right, title and interest in and to all of TOFG's other assets including, but not limited to, certain contracts.

7. Among the contracts acquired by CSSE are three agreements with Sirius, Star, and CE5, annexed to the Complaint as Exhibits A, B, and C, all of which were signed by Steven M. Greer, M.D. ("Greer") as an officer or member of those entities.

8. Paragraph 11 of Contract 1 prohibits any public statements, including social media posts, by Sirius unless first approved by TOFG.

9. In addition, the Standard Terms and Conditions of Contract 1 contain a confidentiality provision prohibiting the disclosure of the terms and conditions of the agreement.

10. Contract 2 similarly states that its terms are confidential.

11. Paragraph 12 of Contract 3 prohibits the disclosure of any of the terms and conditions of the agreement or information regarding the other party's business.

12. Paragraph 12 of Contract 3 also prohibits the parties from making any public announcements or statements relating to any terms or conditions of the agreement.

13. On or about November 8, 2023, Greer, without prior approval or knowledge of the defendants, posted on social media platform X, formerly known as Twitter, that TOFG and CSSE allegedly failed to remit payments for the pictures *The Lost Century, Close Encounters of the Fifth Kind,* and *Unacknowledged.*

14. Greer, in his X post, went on to state "we are searching for a new, fair-dealing, and ethical film distributor".

15. Greer's post violated the confidentiality provisions of Contracts 1, 2, and 3.

16. By reason of the foregoing breach of Contracts 1, 2, and 3, Defendants have been damaged in an amount to be determined at trial, but not less than $1 million.

## SECOND COUNTERCLAIM

17. Defendants repeat and reallege the allegations set forth in paragraph 1 through 16 above as if more fully set forth herein.

18. The X post quoted in paragraph 14 above is a clear imputation that defendants are not fair-dealing and ethical and constitutes libel *per se*.

19. Based on the foregoing, defendants have been damages in an amount to be determined at trial, but not less than $1 million.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants demand judgment as follows:

1. Dismissing the Complaint in its entirety;

2. Granting Defendants damages on its First Counterclaim against Plaintiffs in an amount to be determined at trial;

3.  Granting Defendants damages on its Second Counterclaim against Plaintiffs in an amount to be determined at trial;

4.  Awarding the costs and disbursements of defending this action, including reasonable attorneys' fees and expenses; and

5.  Awarding such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       December 1, 2023

**GRAUBARD MILLER**

By: *Caryn L. Marcus* (signature)
Caryn L. Marcus
The Chrysler Building
405 Lexington Avenue, 44th Floor
New York, New York 10174
(212) 818-8695
cmarcus@graubard.com

Attorneys for Defendants