

Plaintiff's counsel's motion for leave to appear *pro hac vice* was denied for the reasons listed in the December 1, 2023, minute entry, and Plaintiff's counsel is directed to promptly re-file the *pro hac vice* motion, no later than **December 12, 2023**.  Defendants shall file their opposition to Plaintiff's motion for a preliminary injunction, not to exceed fifteen pages, by **December 22, 2023.**  Plaintiffs may file a reply, not to exceed five pages, by **January 3, 2024.**  Counsel are apprised that emailing courtesy copies of filings to Chambers is unnecessary and that filing via ECF is sufficient to provide notice to the Court of their submissions.  So Ordered.

Dale E. Ho
United States District Judge
Dated: December 8, 2023
New York, New York

The Honorable Dale E. Ho
United States District Judge Chambers
United States District Court SDNY
500 Pearl Street New York, NY 10007
(212) 805-0190
HoNYSDChambers@nysd.uscourts.gov

Re:  **Joint Status Letter to Plaintiff's Motion for Preliminary Injunction** –
*Sirius Technology Advanced Research and STAR Unacknowledged, LLC v. Chicken Soup for the Soul Entertainment, Inc. and 1091 Pictures* – Case No. 1:23-cv-09560-DEH

Dear Judge Ho,

Pursuant to Order on Plaintiff's Motion for Preliminary Injunction (Doc. 16), the Parties' met and conferred on December 7, 2023, but were unable to reach agreement on a proposed briefing schedule, surrounding Plaintiff's Motion for Preliminary Injunction (Doc. 13).  This is the required joint status letter from counsel.

**Plaintiffs' Position and Argument**

Plaintiffs' initial position was that the Proposed Order should issue without the 14 days standard Response time, and upon Notice to all interested Parties alone, because of the Plaintiffs' legal duty to mitigate an estimated $70,000 / week in lost Advertising Video on Demand (AVOD) revenues.  These are gross revenues not currently being collected, by either party, for *The Lost Century* (Movie #1), and are now being lost, during all periods of current litigation.  Plaintiffs are also currently experiencing harder to quantify, but more important, irreparable injuries, including interference associated with their important public interest messaging, Congressional education, and technology release / environmental advocacy, surrounding the currently proposed UAP Disclosure Act of 2023, now undergoing reconciliation in Congress.  These are harms and injuries which cannot be fully compensated through monetary damages alone, as detailed more thoroughly in Plaintiffs' Motion.

Plaintiffs seek the ability to transfer all three affected films to a new distributor, and require temporary pause, or termination, of all three distribution contracts, pending determination on the merits of this case.  Plaintiffs cannot efficiently move over to a new distributor, without Defendants providing Affirmative Notice of contract termination to the numerous third-party vendors involved. Plaintiffs' current position is that Defendants' Response to Plaintiffs' Motion for Preliminary Injunction should be due no later than December 14, 2023 [14 days from the date of filing on November 30, 2023, and pursuant to Local Civil Rule 6.1(b)].  Plaintiffs should be permitted only 7 calendar days to file an optional Reply brief to Defendants' Response,

waivable upon filing Notice of Briefing Complete without Reply.  Plaintiffs' optional Reply brief would be due no later than December 21, 2023.

**Defendants' Position and Argument**

While plaintiff's motion was filed on November 30, 2023, it was improper in that there was no notice of motion setting dates for opposition papers or a hearing.  Moreover, the motion did not include a separate memorandum of law.  The court found plaintiff's counsel's pro hac vice motion, filed the same day, to be deficient and ordered the motion to be re-filed.  I was under the impression that the preliminary injunction motion would need to be re-filed as well given its deficiencies.  Rather, the court ordered the parties to meet and confer to decide on a briefing schedule.

Mr. Garcia and I conferred on December 7, 2023.  I initially requested until December 27th to file opposition papers.  I explained to Mr. Garcia that my 90 year old mother's recent hospitalization takes up a great deal of my time which will not abate any time soon.   Mr. Garcia would not agree and wanted defendants' opposition to be filed on December 14, a mere one week from our conference.  In the spirit of cooperation, I offered to file defendants' opposition on December 22, 2023.  Mr. Garcia called me back and would not agree to that date either.

I respectfully request two weeks, until December 22, 2023,  to oppose plaintiffs' lengthy and involved motion.  Plaintiffs will not suffer irreparable harm in the interim.  In fact, plaintiffs' basis for alleged irreparable harm is the "lost AVOD revenues of an estimated $70,000 per week for Movie #1" and the loss of "a conservatively estimated $70,000 per week of AVOD revenues". In addition, plaintiffs are seeking the ultimate relief to which they would be entitled in a final judgment, Permitting defendants' counsel two weeks to file their opposition to the motion would not disturb the status quo while affording defendants' counsel ample time to adequately oppose the motion for the extraordinary relief requested.

**Respectfully**,

*/s/ Derek Garcia*
Derek V. Garcia
Law Office of Derek V. Garcia, LLC
PO Box 254
Edgewood, NM 87015
(505)-333-8030 (Area Code Required)
derekgarcialaw@gmail.com

*Attorney for Plaintiffs*

*Approved via Email,*
12/8/23 at 10:50 am EST
Caryn L. Marcus
Special Counsel
Graubard Miller
The Chrysler Building | 405 Lexington Avenue - 44th Floor | New York, New York 10174-4499
Direct Dial: (212) 818-8695 | Fax: (212) 818-8881
Visit our website at http://www.graubard.com

*Attorney for Defendants*