## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SIRIUS TECHNOLOGY ADVANCED RESEARCH, LLC and STAR UNACKNOWLEDGED, LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:23-cv-09560 (DEH) |
| v. | ) ) | |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.; and TOFG LLC d.b.a. 1091 PICTURES, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

GRAUBARD MILLER
The Chrysler Building
405 Lexington Avenue, 44th Floor
New York, NY 10174
(212) 818-8695
cmarcus@graubard.com
Attorneys for Defendants *Chicken Soup for the Soul Entertainment, Inc. and TOFG LLC d/b/a 1091 Pictures*

Of Counsel:

    Caryn L. Marcus

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT  THE COURT SHOULD DENY PLAINTIFFS' PRELIMINARY
INJUNCTION MOTION................................................................1

    A.    Preliminary Injunction Standard.................................................1

    B.    Plaintiffs Failed to Show They Will Suffer Irreparable Harm Absent a
Preliminary Injunction Where They Can Be Compensated by Money
Damages ...................................................................................2

    C.    Plaintiffs' Unsupported and Conclusory Allegations Are Insufficient to
Establish a Right to a Preliminary Injunction.............................6

    D.    Plaintiffs' Motion Seeks the Ultimate Relief.............................9

CONCLUSION................................................................................10

i

727117.1

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re AutoHop Litig.*,
  2013 WL 5477495 (S..N.Y. October 1, 2013) ............................................................... 3

*Ben & Jerry's Homemade, Inc. v. Conopco, Inc.*
  2022 WL 4239941 (S.D.N.Y. August 22, 2022) ........................................................... 3

*Biocon Ltd. V. Abraxis Bioscience, Inc.*,
  2016 WL 5817002 (S.D.N.Y. September 26, 2016) ..................................................... 3

*Care Servs. Of New York, LLC v. People's United Bank*,
  2020 WL 5752187 (E.D.N.Y. Sept. 24, 2020) ............................................................. 6

*City of Newburgh v. Sarna*,
  690 F. Supp2d 136 (S.D.N.Y. 2010) ............................................................................ 9

*Clonus Assoc. v. Dreamworks, LLC*,
  417 F. Supp. 2d 254 (S.D.N.Y. 2005) ......................................................................... 8

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
  559 F.3d 110 (2d Cir. 2009) ........................................................................................ 2

*Freedom Holdings, Inc. v. Spitzer*,
  408 F.3d 112 (2d Cir. 2005) ........................................................................................ 2

*Frommer v. MoneyLion Techs. Inc.*,
  2023 WL 6850324 (S.D.N.Y. Oct. 17, 2023) .............................................................. 2

*Grayson v. Equifax Credit Information Services*,
  2020 WL 13200592 (S.D.N.Y. July 23, 2020) ............................................................ 9

*Hancock v. Essential Res., Inc.*,
  792 F. Supp. 924 (S.D.N.Y. 1992) .............................................................................. 6

*Javaraj v. Scappini*,
  66 F.3d 36 (2d Cir. 1995) ............................................................................................ 3

*Johnson v. Dept. of Homeless Service*,
  2001 WL 102326 (S.D.N.Y. February 7, 2001) .......................................................... 3

*Moore v. Consolidated Edison Co. of N.Y., Inc.*,
  409 F.3d 506 (2d Cir. 2005) ................................................................................... 1, 2

*Orchose v. Fischer*,
   2015 WL 678725 (S.D.N.Y. February 17, 2015) .................................................6

*Powell v. Fannie Mae*,
   2017 WL 712915 (S.D.N.Y. February 2, 2017) ...................................................9

*Register.com, Inc. v. Verio, Inc.*,
   356 F.3d 393 (2d Cir. 2004) ...............................................................................3

*Slifer v. CG Technology L.P.*,
   2017 WL 1100213319 (S.D.N.Y. November 17, 2017).........................................3

*State of New York v. Nuclear Reg. Comm'n*,
   550 F.3d 745 (2d Cir. 1977) ...............................................................................9

*Tom Doherty Assocs., Inc. v. Saban Entn't, Inc.*,
   60 F.3d 27 (2d Cir. 1995) ...................................................................................2

*Triebwasser & Katz v. Am. Tel. & Tel. Co.*,
   535 F.2d 1356 (2d Cir. 1976) .............................................................................9

*Vargas v. Viacom Int'l, Inc.*,
   366 F. Supp. 3d 578 (S.D.N.Y. 2019) ................................................................2

*Wareh v. Lesperance*,
   2016 WL 5477784 (S.D.N.Y. September 29, 2016) .............................................2

**Other Authorities**

Fed.R.Civ.P. 65...................................................................................................1

727117.1

## PRELIMINARY STATEMENT

Defendants Chicken Soup for the Soul Entertainment, Inc. ("CSSE") and TOFG, LLC d/b/a 1091 Pictures ("1091") (collectively, "Defendants") submit this Memorandum of Law in opposition to the motion of plaintiffs Sirius Technology Advanced Research, LLC and Star Unacknowledged, LLC (collectively, "Plaintiffs") for a preliminary injunction pursuant to Fed.R.Civ.P. 65. Plaintiffs' motion is without merit as a matter of law and should be denied because (i) plaintiffs have not demonstrated they will suffer irreparable harm that cannot be remedied by monetary damages; (ii) plaintiffs failed to establish a factual basis for the relief sought; and (iii) the preliminary relief sought by the motion is identical to the ultimate relief sought in the action.

## ARGUMENT

### THE COURT SHOULD DENY PLAINTIFFS' PRELIMINARY INJUNCTION MOTION

**A.**   **Preliminary Injunction Standard**

In seeking a preliminary injunction, plaintiffs have failed to show a likelihood of success on the merits, irreparable harm in the absence of preliminary relief, and a balance of equities tipping in plaintiffs' favor. *Moore v. Consolidated Edison Co. of N.Y., Inc.,* 409 F.3d 506 (2d Cir. 2005). "A preliminary injunction 'is an extraordinary and drastic remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Baldwin Technology Co., Inc. v. Printers Service, Inc.,* 2016 WL 354914 (S.D.N.Y. January 27, 2016).

Plaintiffs have failed to meet their burden.

1

**B.      Plaintiffs Failed to Show They Will Suffer**
**Irreparable Harm Absent a Preliminary Injunction**
**Where They Can Be Compensated by Money Damages**

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction. We have explained that to satisfy the irreparable harm requirement, plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm. Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). *See also Moore v. Consolidated Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (injunctive relief denied where any resulting injury would be fully compensable in money damages).

"Significantly, a showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction. Thus, if a party fails to show irreparable harm, a court need not even address the remaining elements." *Frommer v. MoneyLion Techs. Inc.*, 2023 WL 6850324 at *1 (S.D.N.Y. Oct. 17, 2023). The moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered. *Vargas v. Viacom Int'l, Inc.*, 366 F. Supp. 3d 578 (S.D.N.Y. 2019). *See also Wareh v. Lesperance*, 2016 WL 5477784 (S.D.N.Y. September 29, 2016).

Irreparable harm is an injury that is not remote or speculative but actual and imminent, and "for which a monetary award cannot be adequate compensation." *Tom Doherty Assocs., Inc. v. Saban Entn't, Inc.,* 60 F.3d 27, 37 (2d Cir. 1995) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.* 596 F.2d 70, 72 (2d Cir. 1979). *See also Freedom Holdings, Inc. v. Spitzer,* 408 F.3d 112, 114 (2d Cir. 2005). Injunctive relief will not be granted based on a

2

hypothetical scenario involving several speculative steps. *Ben & Jerry's Homemade, Inc. v. Conopco, Inc.* 2022 WL 4239941 (S.D.N.Y. August 22, 2022).

"Where monetary damages may provide adequate compensation, a preliminary injunction should not issue." *Javaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995). The court will not grant a preliminary injunction where no adverse consequence is alleged that cannot be adequately remedied by monetary damages. *Johnson v. Dept. of Homeless Service*, 2001 WL 102326 (S.D.N.Y. February 7, 2001). *See also Slifer v. CG Technology L.P.,* 2017 WL 1100213319 (S.D.N.Y. November 17, 2017); *Biocon Ltd. V. Abraxis Bioscience, Inc.*, 2016 WL 5817002 (S.D.N.Y. September 26, 2016).

This is a dispute about money. Plaintiffs have failed to show they would suffer an immediate injury that cannot be remedied by money damages after trial. Injunctive relief based on a breach of contract is the exception and not the rule. *In re AutoHop Litig.*, 2013 WL 5477495 (S.D.N.Y. October 1, 2013) (citing *United Retail Inc. v. Main Street Mall Corp.,* 903 F. Supp. 12, 14 (S.D.N.Y. 1995). "Specific relief is not the conventional remedy for breach of contract" and "[i]f an injury can be appropriately compensated by an award of monetary damages, then an adequate remedy at law exists, and no irreparable injury may be found to justify specific relief." *Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393, 404 (2d Cir. 2004).

In their motion papers, plaintiffs state that "[t]his is a straightforward breach of contract action, or additionally and alternatively, an unjust enrichment and/or conversion action." Plaintiffs' Motion, p. 1. Plaintiffs claim CSSE is "withholding past-due PROCEEDS from two prior films". Plaintiffs' Motion, p. 2.  In addition, "Plaintiffs are also currently losing a conservatively-estimated, and additional, $70,000 per week . . . based on prior historical performance and data. *Id.* "These PROCEEDS belonging to STAR LLC are being withheld by

3

CSSE . . . due to Defendants' . . . misappropriation of funds rightfully belonging to Plaintiffs." *Id.*

Plaintiffs go on to state that "a preliminary injunction is necessary to allow Plaintiffs to mitigate their ongoing damages." *Id.*, at p. 3.

Plaintiffs claim, without any evidentiary proof or factual basis, that "[a] preliminary injunction will ensure continued availability to the public of Plaintiffs' important public interest messaging, and permit the third-party vendors themselves, to legally remit collected gross revenues to Plaintiffs' new distributor." *Id.*, at pp. 3-4. Plaintiffs further allege, without any evidentiary proof, that they "are currently experiencing irreparable harm, in the form of lost AVOD revenues of an estimated $70,000 per week for Movie #1." *Id.*, at p. 4. Plaintiffs also state that "[a]llowing for full briefing, and hearing on the merits of the instant Motion, will result in additional *severe monetary damages* to Plaintiffs, including, but not limited to, lost weekly AVOD revenues." *Id.*, at p. 10 (emphasis added).

Plaintiffs seek the same relief in the Complaint where they claim "[t]his is a straightforward collection action." Complaint, ¶11 [NYSD_ECF Doc. No. 1]. In their *ad damnum* clause, plaintiffs seek:

(A) An amount to be determined at trial, but for no less than the PROCEEDS that are owed to the PLAINTIFF per Contracts 1, 2, and 3;

(B) PLAINTIFF's out of pocket costs, expenses and fees incurred in this action, including but not limited to attorneys' fees;

(C) Compensatory and business interference damages incidental, special, and in excess of the wrongfully withheld PROCEEDS, including but not limited to,

expended and unrecuperated marketing and remarketing expenses, including

exploitation in additional outlets . . . totaling in excess of $10 million . . .;

    (D) Punitive damages …

Complaint, p. 11.

In the Complaint plaintiffs allege:

- CSSE is also withholding past due PROCEEDs from two prior films (Complaint, ¶11);

- CSSE's . . . outright non-payment of PROCEEDS due (Complaint, ¶14);

- Plaintiff's outstanding and Plaintiff is past-due to receive $243,805.26 past-due PROCEEDS of approximately $563,122.40 (Complaint, ¶16);

- Plaintiff is past due to receive $243,805.26 in total PROCEEDS (Complaint, ¶18);

- Plaintiff is past-due to receive $228,533.05 in total PROCEEDS (Complaint, ¶19);

- Defendants are past due in total of $472,338.31 for the July and August 2023 accounting periods (Complaint, ¶20);

- CSSE has failed or refused, without cause of reason, to fully release the PROCEEDS (Complaint, ¶24);

- Plaintiff is currently losing a conservatively-estimated, and additional, $70,000/week in additional Advertising on Demand (AVOD) proceeds (Complaint, ¶25); and

- Plaintiff has been and continues to be damaged by being deprived of the PROCEEDS . . . which will result in damages to the PLAINTIFF until such time that the PROCEEDS are released to the PLAINTIFF (Complaint, ¶26).

In addition, each of plaintiffs' causes of action seeks an award of damages.

Plaintiffs' motion for injunctive relief seeks an order directing defendants to

provide notice of termination to third party vendors and platforms so those vendors can "redirect

gross revenues they collect". Plaintiffs' Motion, at p. 3. In addition, plaintiffs seek an injunction "ordering defendants to cease and desist collecting gross revenues for all three movies." *Id.*

Plaintiffs have failed to establish they will suffer irreparable harm. Any purported injury to plaintiffs is clearly compensable by money damages, thus necessitating the denial of plaintiffs' motion.  It is not necessary to address the other prerequisites for a preliminary injunction because plaintiffs clearly have not shown they will suffer irreparable harm.

**C.     Plaintiffs' Unsupported and Conclusory Allegations Are Insufficient to Establish a Right to a Preliminary Injunction**

"Conclusory allegations lacking supporting evidence will not support a preliminary injunction." *Orchose v. Fischer*, 2015 WL 678725 at *8 (S.D.N.Y. February 17, 2015).  *See Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals"); *Int'l home Care Servs. Of New York, LLC v. People's United Bank,* 2020 WL 5752187 at *5 (E.D.N.Y. Sept. 24, 2020) ("Other than conclusory assertions that its business may close, [p]laintiff has not proffered evidence showing that its business could not be returned to the status quo ante with money damages at the conclusion of this case.").

In support of their claim of irreparable harm, and in utterly conclusory fashion, plaintiffs state "the information contained in Movie #1 is of time-sensitive relevance due to current events and pending, public interest legislation, and is therefore experiencing diminished relevance and effectiveness, with the more time that passes." Plaintiffs' Motion, at p. 4. Such claim is conclusory and speculative at best and plaintiffs fail to provide any factual basis or explanation for such claim.

Further, defendants "continue to unlawfully collect, and withhold, both past-due and future proceeds, on all three films." Plaintiffs' Motion, at p. 6. "For this reason," according

6

to plaintiffs, "a preliminary injunction is the proper mechanism for achieving Plaintiff's requested initial relief." Plaintiffs' Motion, at p. 6. Plaintiffs claim "they will continue to lose a conservatively estimated $70,000 per week of AVOD revenues, in addition to lost TVOD revenues." Plaintiffs' Motion, at p. 7.

Plaintiffs also claim "a new distributor, of Plaintiff's choice, will be unable to receive revenues" and "until a preliminary injunction issues, and a new distributor begins collecting revenues" "Plaintiffs are unable to continue effective marketing, promotion, and their important public interest messaging campaign." Plaintiffs' Motion, at p. 8. Without explanation or any factual basis, plaintiffs further claim:

> It will be argued, at trial, that every day of dilatory conduct by Defendants caused all three films, but especially Plaintiffs' most recent 2023 release *The Lost Century*, to underperform, during the current period of material breach of contract by Defendants. The information presented in *The Lost Centure* is of highly time sensitive nature based on current events, Congressional hearings, and the necessity of public interest awareness. Every day of delay . . . degrade the contemporary relevance of the time sensitive information contained in *the Lost Century*.

***

> Defendants were made aware that *The Lost Century* was crowdfunded in production, and that those who funded it were supporting a unique public interest movement concerning the issues representing UAP/UFO Disclosure and public policy recommendations, and as part of a broad public interest, Congressional education, and environmental movement.

Plaintiffs' Motion, p. 8.

Nowhere do plaintiffs provide any factual basis or explanation for such claims.

A plaintiff seeking injunctive relief must "justify that application by evidentiary submissions." *Democratic Cong. Campaign Comm. v. Kosinski*, 614 F. Supp. 3d 20, 37 (S.D.N.Y. 2022), "When considering a motion for a preliminary injunction, unlike a motion to

7

dismiss, the Court need not accept as true the well-pleaded allegations in Plaintiff's complaint." *Coney Island Prep v. United States Dep't of Health & Hum. Servs.*, 506 F. Supp. 3d 203, 209 (S.D.N.Y. 2020) and even "affidavits made on information and belief to be insufficient for a preliminary injunction." *New Hope Fam. Servs., Inc. v. Poole*, 493 F. Supp. 3d 44, 55 (N.D.N.Y. 2020).

Plaintiffs also contend 'lost opportunity' damages will be minimized by issuing a preliminary injunction and they "are unable to recoup and pay their outstanding production costs for *The Lost Century*, without receiving back any revenues from Defendants." *Id.* Any purported "lost opportunity damages", whatever they are, and "outstanding production costs" can be compensated with money damages.

Finally, plaintiffs claim their "proceeds from the films were to be used to continue the important mission of declassifying,, revealing, and making available lifesaving advanced technology to the public" and the "advanced energy technologies discussed in *The Lost Century*, should they be declassified and released, would provide solutions to the global environmental crisis, alleviate poverty worldwide, and numerous other humanitarian benefits." Plaintiffs' Motion, p. 9. Nowhere in their motion do plaintiffs recite what *The Lost Century* is about, to which alleged lifesaving advanced technology they are referring and its relevance to the alleged global environmental crisis. Nor do plaintiffs elaborate as to how whatever technologies are discussed in the film have anything to do with worldwide poverty and the unspecified "numerous other humanitarian benefits." Such speculative and conclusory statements are insufficient to warrant the issuance of a preliminary injunction. Plaintiffs have failed to demonstrate the likelihood of any harm, much less irreparable harm, in the absence of an injunction. *See Clonus*

*Assoc. v. Dreamworks, LLC,* 417 F. Supp. 2d 254 (S.D.N.Y. 2005) (rejecting claim of irreparable harm as "unsupported by concrete evidence").

       None of the factual allegations offered in support of plaintiffs' motion are made by plaintiffs or anyone with personal knowledge of any of the matters stated therein. No one has proffered any probative evidence based on personal knowledge as to why an injunction should be granted.  Plaintiffs have failed to carry their burden of persuasion, or to make a clear showing of irreparable harm.

**D.**      <u>**Plaintiffs' Motion Seeks the Ultimate Relief**</u>

       "Preliminary injunctive relief is improper where it would give the plaintiff substantially all the ultimate relief it seeks." *Grayson v. Equifax Credit Information Services*, 2020 WL 13200592 (S.D.N.Y. July 23, 2020). *See also City of Newburgh v. Sarna,* 690 F. Supp2d 136 (S.D.N.Y. 2010); *Powell v. Fannie Mae*, 2017 WL 712915 (S.D.N.Y. February 2, 2017).

       "The function of the preliminary injunction is to maintain the status quo pending a full hearing on the merits." *Triebwasser & Katz v. Am. Tel. & Tel. Co.*, 535 F.2d 1356, 1360 (2d Cir. 1976). "Apart from the merits, [plaintiff] has misconstrued the purpose of preliminary injunctive relief, which is 'not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will come.'" *State of New York v. Nuclear Reg. Comm'n,* 550 F.3d 745, 754 (2d Cir. 1977).

       In their Complaint, in addition to money damages, plaintiffs seek a declaratory judgment and the termination of Contracts 1-3.  Complaint, p. 11.  In the motion for preliminary injunction, plaintiffs also seek "judicial termination and/or declaratory relief and rescission of all

9

three Contracts #1-3." Plaintiffs' Motion, p. 3. Thus, plaintiffs seek the ultimate relief requested

in the action.

## CONCLUSION

Based on the foregoing, plaintiffs' motion for a preliminary injunction should be

denied in its entirety.

Dated:  New York, New York
December 22, 2023

Respectfully submitted,

GRAUBARD MILLER

By: _____
Caryn L. Marcus
The Chrysler Building
405 Lexington Avenue, 44th Floor
New York, New York  10174
(212) 818-8695
cmarcus@graubard.com
Attorneys for Defendants *Chicken Soup for
the Soul Entertainment, Inc. and TOFG LLC
d/b/a 1091 Pictures*

10