UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIRIUS TECHNOLOGY ADVANCED RESEARCH, LLC, et. al.,

                 Plaintiff(s),

v.

CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., et. al.,

                 Defendant(s).

23-cv-9560 (DEH)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

DALE E. HO, United States District Judge:

    This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Rule 26(f)(3).[1]

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within **three business days** of submitting this Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2. The case [is ☑ / is not ☐] to be tried to a jury.

3. The parties [have ☑ / have not ☐] conferred pursuant to Rule 26(f).

4. Settlement discussions [have ☐ / have not ☑] taken place.

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within **on Feb. 21** days/weeks: Fully up-to-date Account and Expense Summary Statements for all three films currently or formerly distributed by Defendants, inclusive of: 1) The Lost Century and How to Reclaim It (2023); 2) Close Encounters of the Fifth Kind (2020); 3) Unacknowledged (2017). E-mails among hte parties and/or their representatives regarding payment and settleme

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

b. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

☐ Immediate referral to the District's Mediation Program

☐ Immediate referral to a Magistrate Judge

☑ Referral to the District's Mediation Program after the close of fact discovery

☐ Referral to a Magistrate Judge after the close of fact discovery

☐ Retention of a private mediator

☐ Other: _____

c. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this order.**

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than February 21, 2024. [*Absent exceptional circumstances, a date not more than* **14 days** *following the Initial Pretrial Conference.*]

6. Unless a party amends a pleading as a matter of course pursuant to Rule 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than March 8, 2024. [*Absent exceptional circumstances, a date not more than* **30 days** *following the date of this Order. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Rule 16(b)(4) rather than the more lenient standards of Rule 15 and 21.*]

7. Fact Discovery

   a. All fact discovery shall be completed no later than June 6, 2024. [*A period not to exceed* **120 days** *from the date of this Order, unless approved by the Court due to exceptional circumstances.*]

   b. Initial requests for production of documents pursuant to Rule 34 shall be served no later than March 8, 2024. [*Absent exceptional circumstances, a date not more than* **30 days** *following the Initial Pretrial Conference.*]

   c. Interrogatories pursuant to Rule 33 shall be served no later than March 8, 2024. [*Absent exceptional circumstances, a date not more than* **30 days** *following the Initial Pretrial Conference.*]

    d.  Depositions pursuant to Rules 30 and 31 shall be completed by the date set forth in paragraph 7(a).

    e.  Requests to admit pursuant to Rule 36 shall be served no later than  June 21, 2024 . [*Absent exceptional circumstances, a date no later than **30 days** before the close of all discovery.*]

    f.  Any of the deadlines in paragraphs 7(b)–(d) may be extended by the written consent of all parties without application to the Court, provided that all discovery pursuant to paragraphs 7(b)–(d) is completed by the date set forth in paragraph 7(a).

8. [*If applicable*] Expert Discovery

    a.  Anticipated types of experts: Plaintiffs anticipate retention of a certified forensic accountant, a separate expert concerning entertainment industry damages (i.e. underperformance and interference), and anticipate seeking the qualification of Dr. Steven M. Greer as an expert on the UAP/UFO subject and damages

    b.  All expert discovery, including expert reports and depositions, shall be completed no later than July 22, 2024 . [*Absent exceptional circumstances, a date no later than **45 days** from the end of fact discovery deadline set forth in paragraph 7(a).*]

    c.  Plaintiff's expert disclosures pursuant to Rule 26(a)(2) shall be made no later than June 7, 2024 .

    d.  Defendant's expert disclosures pursuant to Rule 26(a)(2) shall be made no later than July 8, 2024 .

    e.  The interim deadlines in paragraphs 8(c)–(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(b).

9. [*To be completed by the Court*] The Court will conduct a case management conference following the close of discovery on  August 7, 2024  at  2:30 P.M. EST . The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID:  111 093 046 , followed by the pound sign (#). The parties shall submit a joint status letter by  July 31, 2024 . The letter shall state whether any party intends to file a dispositive motion. The letter shall further describe the efforts the parties have made to settle the action and state whether the parties request a referral for settlement discussions before the assigned Magistrate Judge or through the District's Mediation Program.

10. Unless otherwise ordered by the Court, the parties shall submit to the Court for its approval a Joint Pretrial Order—prepared in accordance with the Court's Individual Trial Rules and Procedures and Rule 26(a)(3)—by  8/20 (Defendants' counsel will be on vacati . [*Absent exceptional circumstances, within **30 days** of the close of all discovery or, if a dispositive motion has been filed, no more than **30 days** of a decision on such motion.*]

A deadline for the joint pretrial order will be set at the August 7, 2024, conference, as necessary.

3

11. The parties shall be ready for trial as of **two weeks** following the deadline for the proposed Joint Pretrial Order.

12. Counsel for the parties have conferred and their best estimate of the length of trial is  5 days  .

13. Other issues to be addressed at the Initial Case Management Conference, including those set forth in Rule 26(f)(3), are set forth below:

    Defendants' acknowledgement of termination of contracts allowing for new distributor to commence
    Defendants' counsel will be on vacation the last two weeks of August-Labor Day so requests the joint pre-trial order be due in mid-Septembe
    Plaintiffs do not have licenses and/or agreements for the intellectual property in the subject films.
    Defendants' intention or non-intention to file for bankruptcy as motivation for delay in the instant proceedings

14. This Order may not be modified or the dates herein extended, except as provided in paragraphs 7(f) and 8(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraphs 7(f) and 8(e), shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than **two business days** prior to the expiration of the date sought to be extended.

Regarding the items listed in paragraph 13, the termination of the contracts at issue and the existence of any licenses or agreements, as described in the parties' joint letter, go to the merits of the case and may be resolved, as appropriate, with dispositive motion practice or at trial.  Any joint pretrial order will be due on a date that accommodates counsel's conflict.  The parties' letter includes a statement that Defendants do not intend to file for bankruptcy at this time.  The parties may file a letter on ECF, prior to the required letter on July 31, 2024, describing any issue in need of judicial resolution.

SO ORDERED.

_____
DALE E. HO
United States District Judge
Dated: February 5, 2024
New York, New York

4