UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIRIUS TECHNOLOGY ADVANCED RESEARCH, LLC, et al.,

                Plaintiffs,

v.

CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., et al.,

                Defendants.

23 Civ. 9560 (DEH)

**ORDER**

---

DALE E. HO, United States District Judge:

    Plaintiffs Sirius Technology Advanced Research, LLC, and Star Unacknowledged, LLC seek proceeds from the streaming of three films from Defendant Chicken Soup for the Soul Entertainment, Inc. ("CSSE"), a media producer and distributor. Plaintiffs entered into a contract with Defendant TOFG, LLC ("1091 Pictures"), regarding distribution of *The Lost Century and How to Reclaim It* (2023) ("*The Lost Century*"), and non-party Orchard Enterprises NY, Inc., 1091 Pictures' predecessor-in-interest, regarding the distribution of *Close Encounters of the Fifth Kind* (2020) and *Unacknowledged* (2017). Plaintiffs sue 1091 Pictures, CSSE (1091 Pictures' successor-in-interest), and ten Doe Defendants, seeking to recover a portion of the proceeds from the streaming of these films pursuant to these agreements.

    On November 30, 2023, Plaintiff moved for a preliminary injunction, seeking an order prohibiting Defendants from collecting any proceeds from the films or any further performance under the parties' agreements, compelling Defendants to provide notice to third-party streaming platforms of the termination of the agreements, and clarifying to those platforms that they should take down the films in question pending agreement with a new distributor. *See* Pls.' Mot. For Prelim. Inj. ("PI Mot."), ECF No. 13. For the reasons stated below, Plaintiffs' motion is **DENIED**.

\*     \*     \*

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks. It is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996); *accord Paige v. N.Y.C. Hous. Auth.*, No. 17 Civ. 7481, 2018 WL 1226024, at \*2 (S.D.N.Y. Mar. 9, 2018).[1] "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112, 119 (2d Cir. 2022). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023). "[T]he moving party must first demonstrate that irreparable harm would be likely in the absence of a preliminary injunction before the other requirements for the issuance of a preliminary injunction will be considered." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015); *accord Frommer v. MoneyLion Techs. Inc.*, No. 23 Civ. 6339, 2023 WL 6850324, at \*1 (S.D.N.Y. Oct. 17, 2023) ("[I]f a party fails to show irreparable harm a court need not even address the remaining elements."); *Monowise Ltd. Corp. v. Ozy Media, Inc.*, No. 17 Civ. 8028, 2018 WL 2089342, at \*1 (S.D.N.Y. May 3, 2018) (similar and collecting cases).

Plaintiffs do not establish irreparable harm. "[The Second Circuit] ha[s] long held that an injury compensable by money damages is insufficient to establish irreparable harm." *CRP/Extell*

---

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

*Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 781 (2d Cir. 2010).  As Plaintiffs state in various filings, including in the instant motion, this is a straightforward contract dispute.  *See* Compl. ¶ 11, ECF No. 1 ("This is a straightforward collection action due to Defendants' refusal to honor a contract[.]"); PI Mot. 1("This is a straightforward breach of contract action[.]"); Jan. 31, 2024 Joint Status Letter 1, ECF No. 28 ("This is a straightforward collection action due to Defendants' refusal to honor a contract[.]"); *see also* Compl. ¶ 52 (seeking five forms of money damages and a declaratory judgment that the contracts at issue have been terminated).  Plaintiffs argue that they will suffer irreparable harm "in the form of lost . . . revenues . . . and diminished performance and sales, due to Defendants' interference with confident promotion and marketing of all three titles." PI Mot. 4.  These are injuries compensable by money damages, and therefore do not qualify as irreparable harm.

Plaintiffs also argue that "the information contained in [*The Lost Century*] is of time-sensitive relevance due to current events and pending, public interest legislation."  *Id.*; *accord id.* at 8 ("The information presented in *The Lost Century* is of highly time sensitive nature based on current events, Congressional hearings, and the necessity of public interest awareness.").  However, Plaintiffs do not provide any evidence or argument regarding the information in *The Lost Century* or pending legislation beyond these conclusory statements.  This is insufficient to establish irreparable harm.  *See Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) ("[C]ourts must not simply presume irreparable harm.  Rather, plaintiffs must show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm.").

In their reply brief, Plaintiffs include unsworn testimony from Dr. Steven M. Greer regarding "public and Congressional education campaigns" and the UAP Disclosure Act of 2023.  Reply Br. 3-4, ¶¶ 15-24, ECF No. 25.  However, this argument appears for the first time

3

in Plaintiffs' reply and therefore is waived. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005); *see also Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Rep. of Venez.*, 341 F. App'x 722, 724 (2d Cir. 2009) ("A district court enjoys broad discretion . . . to rely on evidence submitted with the reply papers[.]").

Even if the Court were to consider this testimony, Dr. Greer's testimony in substance argues that *The Lost Century* is a useful explanatory tool, which, if available, could help Plaintiffs educate Congressmembers and convince them to pass a hypothetical new law (rather than pending legislation, as Plaintiffs state in their opening brief, *see* PI Mot. 4) regarding the "advanced energy technologies capable of replacing oil and fossil fuels," depicted in the film. Reply Br. 4, ¶ 21. The law could include "mandatory technology disclosure[] or release by eminent domain," thus ameliorating current environmental problems. *Id*. at ¶ 22. This theory of harm from delay in the availability of *The Lost Century* on streaming platforms is squarely "remote [and] speculative," rather than "actual and imminent." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015). Plaintiffs do not establish irreparable harm from the lack of a preliminary injunction.

\*   \*   \*

For the reasons given above, Plaintiff's motion is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 13.

SO ORDERED.

Dated: February 15, 2024
New York, New York

DALE E. HO
United States District Judge