# Graubard Miller

The Chrysler Building
405 Lexington Avenue
NEW YORK, N.Y. 10174-4499
(212) 818-8800

facsimile
(212) 818-8881

direct dial number
(212) 818-8695
email address
cmarcus@graubard.com

March 6, 2024

VIA ELECTRONIC CASE FILING
Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Steet
New York, NY 10007

      Re:    Sirius Technology Advanced Research, LLC, et. al. v. Chicken Soup for
              the Soul Entertainment, Inc., et. al.
              Case No. 1:23-CV-09560-DEH

Dear Judge Ho:

      This firm represents Defendants Chicken Soup for the Soul Entertainment, Inc. and TOFG, LLC d/b/a 1091 Pictures ("Defendants") in the above-referenced action.

      I am writing to request a conference with the Court in connection with Defendants' proposed motion to quash a *Subpoena Duces Tecum* dated February 29, 2024 served on Blake Cousins (the "Subpoena").[1] The Subpoena seeks unfiled documents and information regarding an unrelated action against Defendants by an unrelated party. Specifically, the Subpoena demands:

> All documents and electronically stored information related to your contract breach action, preliminary filings in NY state courts vs. Defendants Chicken Soup for the Soul, Entertainment, Inc. and TOFG, LLC dba 1091 Pictures, and William Rouhana Jr.

A copy of the Subpoena is annexed hereto as Exhibit "A".

      Pursuant to Section 4 (j)(i) of Your Honor's Individual Rules and Practices, on March 5, 2024 at 3:00 PM EST, I conferred with plaintiffs' counsel Derek Garcia, Esq. in a good faith effort to resolve the discovery dispute. Unfortunately, our efforts failed.

---

[1] The Subpoena was not served on Defendants' counsel prior to being served on Blake Cousins in violation of Fed. R. Civ. P. 45(a)(4).

739234.1

Honorable Dale E. Ho
March 6, 2024
Page 2

       Mr. Garcia articulated two reasons why the documents sought in an unrelated state court action brought by Blake Cousins against Defendants and others (the "Cousins Action") are relevant. First, the producer Blake Cousins owes plaintiff STAR Unacknowledged, LLC ("STAR") monies. Mr. Garcia believes that if Blake Cousins received monies from Defendants in a settlement, those funds should be used to pay STAR. Second, Plaintiffs want to know why Defendants are settling other claims and paying other producers and intend to subpoena other parties who have initiated actions against Defendants. Thus, plaintiffs are attempting to use this action as a means to (a) seek discovery against unrelated parties, and (b) dissuade those parties and Defendants from settling alleged disputes.

       Defendants seek to quash the Subpoena pursuant to Fed.R.Civ.P. 45(c)(3) and request a stay of Blake Cousins' time to respond pending the conference and a determination of their motion. Defendants object to the Subpoena for several reasons.

       Plaintiffs have access to all publicly filed documents. Whether or not Defendants have chosen to settle other claims brought against them is not relevant to the plaintiffs' claims for monies allegedly owed or to their defense of Defendants' counterclaim as required by Fed. R. Civ. P. 26(b)(1). Plaintiffs cannot demonstrate that the documents sought are relevant. *See King Cty. Wash. v. IKB Deutsche Industriebank AG*, 2012 WL 3553775 (S.D.N.Y. Aug. 17, 2012); *Powell v. Allied Universal Security Services*, 2018 WL 4378168 (E.D.N.Y. Aug. 9, 2018); *Charney v. Zimbalist*, 2013 WL 12345518 (S.D.N.Y. Feb. 6, 2013).

       The Subpoena is nothing more than a fishing expedition. Shortly after its commencement, the parties in the Cousins Action entered into confidential settlement discussions which resulted in a settlement in which the plaintiff agreed to discontinue the Cousins Action with prejudice. Whether or not Blake Cousins was paid to do so, and the amount purportedly paid, if any, is confidential and not relevant to whether or not plaintiffs herein are entitled to payment. The Subpoena is merely an effort to harass Defendants and others with whom they may have settled. Permitting such disclosure runs the risk of revealing Defendants' negotiating strategies to parties with whom they continue to litigate.

       There are many reasons for settling an action, one of which is to avoid the burden, expense and uncertainty of litigation. That was certainly the case in the Cousins Action. After the plaintiff filed a Summons with Notice in the Cousins Action, the parties entered into settlement discussions which are privileged and confidential. The parties agreed that any settlement is not intended and should not be construed as an admission or that either party has committed any wrong against the other. The parties also agreed not to disclose the terms, contents, conditions or existence of a settlement.

       The documents sought in the Cousins Action have no probative value here. Defendants have chosen to settle certain claims based on the belief that such decisions, as well as the very fact of those settlements, are confidential and not readily available to others who may have claims against them. Inserting confidentiality provisions into a settlement agreement is

739234.1

intended to prevent (i) others from filing frivolous lawsuits in the hopes of settling, and (ii) having to expend limited resources to defend such actions. Permitting the production of documents from the Cousins Action, including the confidential settlement agreement, is an end run around the agreement's confidentiality provisions and the purpose of preventing others from knowing the particulars of a settlement.

Plaintiffs should not be able to review draft settlement agreements, documents regarding negotiations, communications regarding the validity of claims and confidential settlement discussions, or any other documents not publicly filed but used to coerce Defendants into settling. Indeed, the very fact of a settlement is confidential and not even known to the public simply because a case was discontinued. The documents sought in the Subpoena cannot reasonably lead to other matter that could bear on the issues in this case.

Defendants have standing to object to the Subpoena under Fed. R. Evid. 45 because they are protecting the unnecessary and unduly harmful disclosure of confidential private information. *See Solow v. Conseco, Inc.*, 2008 WL 190340 (S.D.N.Y. Jan. 18. 2008); *Morelli v. Alters,* 2020 WL 6508858 (S.D.N.Y. Nov. 5, 2020).

The Subpoena should not be allowed as a means to enforce an unrelated claim against an unrelated party and/or to dissuade those parties and Defendants from entering into confidential settlements of their disputes. For the foregoing reasons, Defendants seek a pre-motion conference.

Respectfully,

Caryn L. Marcus

cc: Derek Garcia, Esq.
Michael Steger, Esq.
Peter Cane, Esq.

739234.1