UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIRIUS TECHNOLOGY ADVANCED RESEARCH LLC, et al., <br><br>                            Plaintiffs, <br><br> v. <br><br> CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., et al., <br><br>                            Defendants. | 23 Civ. 9560 (DEH) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

On March 6, 2024, Defendants filed a letter motion seeking to quash a third-party subpoena served on Blake Cousins. *See* ECF No. 32. The subpoena seeks "[a]ll documents and electronically stored information related to [Cousins'] contract breach action, preliminary filings in NY state courts vs. Defendants." *Id.* Ex. 1. As articulated in Defendants' letter, Plaintiffs claim that these documents are allegedly relevant because Plaintiffs believe that they are owed funds which Mr. Cousins received as part of a settlement with Defendants and because Mr. Cousins' action concerned similar breach of contract claims and Defendants' litigation tactics establish a pattern of bad faith. *Id.* at 2. Defendants' letter also states the information sought is confidential. *Id.* On March 12, 2024, Plaintiffs filed a letter motion in response. *See* ECF No. 34. Plaintiffs' letter states they are "seeking evidence in support of a habit and routine of knowing and willful contract breach, of commingling accounts payable with other existing debt, [and] lack of actual insolvency." *Id.* at 2.

Third-party subpoenas pursuant to Rule 45 are "subject to Rule 26(b)(1)'s overriding relevance requirement."[1] *In re Refco Secs. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. Feb. 14, 2011). Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

matter that is relevant to any party's claim or defense." Although settlement agreements, including confidential settlement agreements, and materials related to them can be discoverable, courts "routinely refuse to afford [parties] access to settlement agreements that they deem irrelevant." *King County, Wash. v. IKB Deutsche Industriebank AG*, No. 09 Civ. 8387, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012).

Plaintiffs do not establish the relevance of the materials they seek. Plaintiffs seek "the underlying evidence, documents, and correspondence" that Cousins relied on in developing litigation against Defendants regarding on unrelated contracts not at issue in this case. Plaintiff's Letter, at 3. To the extent Plaintiffs argue that any funds that Defendants paid to Cousins as part of a settlement agreement are instead owed to them, that argument is irrelevant to Plaintiffs' claims because they do not plead or substantively allege an unjust enrichment claim against Cousins. To the extent Plaintiffs argue that these materials could potentially lead to admissible evidence indicating Defendants' bad faith or pattern of behavior, "[d]iscovery . . . is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7697, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002). Plaintiffs do not clear this bar with respect to their allegations against Defendants.

It is hereby **ORDERED** that the motion to quash is **GRANTED.**

The Clerk of Court is respectfully directed to close the motion at ECF No. 32.

SO ORDERED.

Dated: March 14, 2024
       New York, New York

_____
DALE E. HO
United States District Judge