

# Graubard Miller

The Chrysler Building
405 Lexington Avenue
NEW YORK, N.Y. 10174-4499
(212) 818-8800

facsimile
(212) 818-8881

direct dial number
(212) 818-8695
email address
cmarcus@graubard.com

Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

May 9, 2024

    Re: Sirius Technology Advanced Research LLC, et. al. v. Chicken Soup for
       the Soup Entertainment Inc., et. al.
       Case No. 23-cv-9560 (DEH)

Dear Judge Ho:

    This firm represents defendants Chicken Soup for the Soul Entertainment Inc. and TOFG LLC d/b/a 1091 Pictures ("Defendants") in the above-referenced action. I am writing to request an extension of the discovery deadlines in the Case Management Plan filed on February 5, 2024. There are several reasons for this request:

    First, the deadline for completion of fact discovery is presently June 6, 2024, only one month from now. Defendant has not yet produced any documents for several reasons. There are millions of pages of documents that respond to plaintiffs' document request. Many of the documents contain information regarding thousands of films other than the three at issue here. Information regarding the unrelated films has to be redacted which is an extremely time-consuming task. Graubard Miller has a small litigation department and does not have the manpower to redact the documents any faster than it has been doing. A paralegal as well as an associate have been diligently reviewing responsive documents and have completed the review and/or redaction of 3,271 out of more than 21,000 documents to date. These documents consist of over four million pages. The review is ongoing and requires several months to complete. The additional time required to review the documents necessitates that the time for depositions and expert discovery be extended.

    Second, plaintiffs requested distribution agreements with third-party streaming services such as Apple, Google, Amazon, etc. These agreements contain confidentiality provisions and require defendants to give notice to the third parties of potential disclosure of the agreements. Accordingly, defendants sent notices to these third parties. Many have only recently responded and required additional information prior to disclosure. Certain information in those agreements also has to be redacted if, for example, they relate to other films besides the

748098.1

Honorable Dale E. Ho
May 9, 2024
Page 2

three films at issue here. Some distributors have yet to respond. Again, this is a time-consuming process and we need to be sensitive to the confidentiality concerns of the third parties.

Third, plaintiffs would like to take the deposition of William Rouhana, the Chief Executive Officer of Chicken Soup for the Soul Entertainment Inc., on June 5, however, Mr. Rouhana is not available that week.

Finally, I will be on vacation at the end of May and therefore unable to prepare for depositions prior to the close of fact discovery on June 6, 2024.

There have been no prior requests to extend the discovery deadlines. Plaintiffs will not be prejudiced by the extension of dates.

I respectfully request a conference to discuss the following changes to the Case Management Order:

> Completion of fact discovery adjourned from June 6, 2024 to September 20, 2024.
>
> Completion of expert discovery adjourned from July 22, 2024 to November 8, 2024.
>
> Joint status letter submitted on November 15, 2024.
>
> Case management conference adjourned from August 7, 2024 to November 22, 2024.

Plaintiffs' counsel Derek Garcia and I discussed my request on May 2, 2024. Mr. Garcia is only amenable to extending fact discovery to July 22, 2024, the date to complete expert discovery.

Respectfully submitted,

Caryn L. Marcus

cc: Derek Garcia, Esq.

748098.1

---

Application **DENIED**, without prejudice to renewal. The parties' letter represents that there are more than four million pages of documents responsive to Plaintiff's document requests. On the record presented, it is unclear whether an extension of discovery to accommodate review and production of these materials would be "proportional to the needs of the case, considering . . . whether the burden or expense of the discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The parties shall meet and confer in a good faith effort to narrow the scope of Plaintiff's document requests to allow discovery to proceed expeditiously. The parties shall file a joint letter renewing any request for an extension of discovery (including to accommodate the interests of third parties and the depositions of Defendants' principals) by **May 17, 2024.** So Ordered.

Dale E. Ho                    Dated: May 10, 2024
U.S. District Judge           New York, New York