# Graubard Miller

The Chrysler Building
405 Lexington Avenue
NEW YORK, N.Y. 10174-4499
(212) 818-8800

facsimile
(212) 818-8881

direct dial number
(212) 818-8695
email address
cmarcus@graubard.com

Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

May 17, 2024

Re: Sirius Technology Advanced Research LLC, et. al. v. Chicken Soup for the Soup Entertainment Inc., et. al.
Case No. 23-cv-9560 (DEH)

Dear Judge Ho:

Pursuant to the Court's Order (Doc. No. 39), the parties met and conferred on May 16, 2024 but were unable to reach an agreement Accordingly, the following is the parties' joint letter regarding discovery deadlines.

### Defendants' Renewed Request to Extend Discovery

This firm represents defendants Chicken Soup for the Soul Entertainment Inc. and TOFG LLC d/b/a 1091 Pictures ("Defendants") in the above-referenced action. I am writing to renew my prior request to extend all discovery deadlines in the Case Management Plan.

There are several reasons for this request which I discussed with plaintiffs' counsel Derek Garcia on May 16, 2024. Mr. Garcia insists on scheduling the deposition of William J. Rouhana, Jr., the Chief Executive Officer of Chicken Soup for the Soul Entertainment Inc., prior to the defendants' production of any documents. Mr. Garcia would not agree to narrow any of plaintiffs' document requests or to extend discovery past the July 22, 2024 deadline for the completion of expert discovery. Mr. Garcia claims he has enough information from the documents defendants provided in their initial disclosures to take Mr. Rouhana's deposition but also needs the documents requested for trial and/or mediation. Mr. Garcia would not agree to limit discovery or to extend the time within which to comply.

Mr. Garcia's approach is extremely inefficient. Taking depositions prior to document production runs the risk of the need for the additional examinations of Mr. Rouhana and/or other witnesses based upon the documents. This risk and time expenditure can be avoided if the depositions are postponed until documents are produced.

749737.1

Honorable Dale E. Ho
May 17, 2024
Page 2

        Mr. Garcia also expressed the need for Mr. Rouhana's deposition prior to any bankruptcy filing by Defendants. Yet, there has been no indication that either defendant intends to seek protection under the United States Bankruptcy Code and Mr. Garcia's conjecture of such filing is pure speculation.

        Based on my discussion with Mr. Garcia, Defendants renew their request to extend discovery for the following reasons:

        First, the deadline for completion of fact discovery is presently June 6, 2024, less than one month from now. Defendants have not yet produced any documents for several reasons. There are over 21,000 documents that respond to plaintiffs' document request. Many of the documents contain information regarding thousands of films other than the three at issue here. Information regarding the unrelated films has to be redacted which is an extremely time-consuming task. Graubard Miller has a small litigation department and does not have the manpower to redact the documents any faster than it has been doing. A paralegal as well as an associate have been diligently reviewing responsive documents and have completed the review and/or redaction of over 3,200 out of more than 21,000 documents to date. These documents consist of over four million pages. The review is ongoing and requires several months to complete. The additional time required to review the documents necessitates that the time for depositions and expert discovery be extended. Mr. Garcia is not willing to limit the discovery to permit us to produce documents earlier.

        Second, plaintiffs requested distribution agreements with third-party streaming services such as Apple, Google, Amazon, etc. These agreements contain confidentiality provisions and require defendants to give notice to the third parties of potential disclosure of the agreements. Accordingly, defendants sent notices to these third parties. Many have only recently responded and required additional information prior to disclosure. In fact, Google responded on May 16, 2024 and requests certain information prior to any production in this action. Certain information in those agreements has to be redacted if, for example, the information relates to films other than the three films at issue here. Some third-party distributors have yet to respond to our notices. Again, this is a time-consuming process and we need to be sensitive to the confidentiality concerns of the third parties.

        Third, plaintiffs would like to take the deposition of William Rouhana, the Chief Executive Officer of Chicken Soup for the Soul Entertainment Inc., on June 5, however, Mr. Rouhana is not available that week.

        Finally, I will be on vacation at the end of May and therefore unable to prepare for depositions prior to the close of fact discovery on June 6, 2024.

        There have been no prior requests to extend the discovery deadlines other than the request made by letter dated May 9, 2024 which request was denied without prejudice to renewal after the parties' meet and confer. Plaintiffs will not be prejudiced by the extension of dates.

Honorable Dale E. Ho
May 17, 2024
Page 3

      I respectfully request the following changes to the Case Management Order:

      Completion of fact discovery adjourned from June 6, 2024 to November 15, 2024.

      Completion of expert discovery adjourned from July 22, 2024 to December 13, 2024.

      Joint status letter submitted on December 20, 2024.

      Case management conference adjourned from August 7, 2024 to January 15, 2025.

### Plaintiffs' Opposition

On Friday, April 26, 2024, Plaintiffs requested Zoom-based depositions of William Rouhana, Jr., CEO of CSSE, Inc., and the Fed. R. Civ. 30(b)(6) representative for Defendant companies, as the person most knowledgeable about the accounting, contracts at issue, and outstanding proceeds owed, unpaid, and outstanding to Plaintiffs. Plaintiffs stated that Mr. Rouhana could be the same person as the 30(b)(6) representative in a single deposition, at Defendants' election, so long as Mr. Rouhana's deposition was personally completed. It is undisputed that Mr. Rouhana was personally involved in managing the contracts at issue, and is a highly material witness. Plaintiffs proposed eight (8) dates in May for Rouhana's deposition, all of which were rejected by Defendants, who replied that Mr. Rouhana is unavailable throughout the entirety of May. In response, Plaintiffs proposed three dates in June 4, 5, 6, to accomplish Mr. Rouhana's deposition, before the close of fact discovery set for June 6. Plaintiffs amicably offered June 4 for a deposition of Dr. Steven Greer, the principal officer of the Plaintiff companies, should Rouhana's deposition be set for June 5 or 6. All three June dates were rejected by Defendants, without return, proposed dates being sent. Defendants instead filed their instant Letter Motion, mischaracterizing the dispute, or delay, as being one over document requests.

In their first set of standard discovery requests, Plaintiff's requested third-party vendor contracts in place, and accounting records for payments received by Defendants, from the vendors themselves, like Amazon Prime and Apple TV, all of which Defendants agreed to provide. Defendants objected to other items requested by Plaintiffs, on relevancy, burden, and other grounds, which Plaintiffs elected not to press at the time, through seeking in a Motion to Compel. None of these third-party records are strictly required to conduct and complete depositions of the principal officers of both companies, but would be relevant at any later mediation, or trial on the merits. Believing they had reached agreement on documents Defendants had already agreed, in writing, to provide, Plaintiffs agreed to Defendants' form of Confidentiality Order, as entered by this Court. Plaintiffs never requested the third-party document production to be complete, prior to Mr. Rouhana's deposition, and were willing to

complete his deposition, regardless of not having these documents produced, beforehand. Defendants now inject their own overdue discovery responses, as a method of further delaying Rouhana's deposition, and seeking to extend the fact discovery deadline. Plaintiffs continue to assert their justified concern that such is being done in bad faith, to gain additional time for CSSE, Inc., to file for bankruptcy, and escape any ultimate liability on the substantial debt owed to Plaintiffs, Plaintiffs' producers, Plaintiffs' employees, and members of the public who crowdfunded the films, while in production. In their required meet and confer of May 16, 2024, Plaintiffs expressed their willingness to complete Rouhana's deposition, without having the third-party documents yet produced, which was rejected by Defendants.

Plaintiffs propose extending the time to complete fact discovery, to the close of expert discovery on July 22, 2024, and requiring the Parties to agree on a date certain for Mr. Rouhana's and Dr. Greer's depositions, to be provided for dates in June 2024, and completed by no later than June 30, 2024.

Respectfully submitted,

Caryn L. Marcus

Respectfully submitted,

/s Derek Garcia
Derek Garcia

Application **GRANTED IN PART**. The deadline in which to complete fact and expert discovery is **EXTENDED** to **July 26, 2024**. The endorsed letter and Defendant's letter of May 9, 2024, do not provide any basis to conclude that document discovery of the volume described is necessary or proportionate to the needs of the case. The parties shall meet and confer in good faith to narrow the universe of materials responsive to Plaintiffs' document requests so as to comply with the Court's deadlines. If the parties are unable to reach agreement, Defendant may move for an order limiting the scope of discovery. *See* Fed. R. Civ. P. 26(b)(2)(C). Regarding the scheduling of depositions, the parties may schedule depositions at any time agreeable to counsel and the relevant witness, provided depositions are complete by July 26, 2024. The parties are strongly encouraged to wait until the completion of document productions to take depositions. The parties are apprised that due to the procedural history of this case, requests to take multiple depositions of witnesses, particularly to question any witness about documents produced following their deposition, are unlikely to be granted. *See* Fed. R. Civ. P. 30(a)(2). The date of the post-discovery conference and joint status letter, *see* ECF No. 30, remain the same. So Ordered.

Dale E. Ho
United States District Judge
Dated: May 20, 2024
New York, New York

749737.1